```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
COUNTY OF SUFFOLK, NEW YORK,

                    Plaintiff,             MEMORANDUM & ORDER
                                            07-CV-1644 (JS)(MLO)
        -against-

GEORGE R. SIMPSON, JEAN SIMPSON,
CHARLOTTE SIMPSON, OFFICE MANAGEMENT
SYSTEMS CORP, and SUFFOLK RESEARCH
SERVICE, INC.,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:       Leonard G. Kapsalis, Esq.
                     Suffolk County Department of Law
                     100 Veterans Memorial Highway
                     P.O. Box 6100
                     Hauppauge, NY 11788

For Defendants:
George R. Simpson:   George R. Simpson, Pro Se
                     P.O. Box 775
                     Hampton Bays, NY 11946

Jean Simpson:        Jean Simpson, Pro Se
                     P.O. Box 775
                     Hampton Bays, NY 11946

Charlotte Simpson,
Office Management
Systems Corp.,
Suffolk Research
Service, Inc.:       No Appearance
```

SEYBERT, District Judge:

On April 20, 2007, the County of Suffolk, New York ("Plaintiff") commenced this action against George R. Simpson, Jean Simpson, the Office Management Systems Corp. ("Office Management"), and Suffolk Research Service, Inc. ("Suffolk Research") (collectively, "Defendants"). George Simpson is the Chief Executive Officer of Office Management, and Suffolk Research is a

subsidiary of Office Management. On May 25, 2007, Plaintiff moved for a default judgment against Office Management and Suffolk Research. On May 31, 2007, <u>Pro se</u> Defendants George and Jean Simpson moved to dismiss Plaintiff's action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for improper venue.[1] For the reasons set forth herein, the motion to dismiss is DENIED, and the motion for a default judgment is DENIED with leave to renew.

<u>BACKGROUND</u>

The underlying dispute in this case is based on software created and sold by Defendants that allegedly contain Plaintiff's copyrighted maps and other proprietary information. Plaintiff alleges that it owns a copyright on tax maps created by Plaintiff that reflect the ownership, size, and location of real property in Suffolk County, New York, and that Defendants published and sold software containing copies of these maps without Plaintiff's permission. Defendants have not responded to these allegations.

<u>DISCUSSION</u>

I.  <u>Motion To Dismiss</u>

Defendants George and Jean Simpson argue that this Court

---

[1] Although Defendants George and Jean Simpson refer to their motion as a motion to dismiss for improper service and for improper venue, there is no discussion of venue in the moving papers. The Court presumes that the Defendants misunderstood the meaning of venue and improperly included the term in the caption of their moving papers.

lacks personal jurisdiction over George and Charlotte Simpson because Plaintiff failed to properly serve them. "In all challenges to the sufficiency of process, the burden of proof lies with the party raising the challenge . . . . Any objections to the service of process must be specific and identify in what manner the utilized service of process rules were not satisfied." Callahan v. Consol. Edison Co. of New York, Inc., No. 00-CV-6542, 2001 U.S. Dist. LEXIS 12692, at *8 (S.D.N.Y. Aug. 9, 2001) (internal quotation marks and citations omitted). Once this burden has been met by Defendants, the burden shifts to Plaintiff to show "effectiveness of service." Id.

George and Jean Simpson argue that service on George and Charlotte Simpson was improper because the process server claimed to serve an individual residing at George and Charlotte Simpson's dwelling house, but in fact served Jean Simpson at a home that she was selling, and not at the Simpsons' official dwelling house. Federal Rule of Civil Procedure 4(a) permits service on a natural person by leaving a copy of the summons and complaint at "the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." George and Jean Simpson argue that on May 14, 2007, the process server left a copy of the Summons and Complaint with Jean Simpson at a home that she was selling as part of her real estate business, and not at the home that either she or the other Defendants reside in.

At the outset, the Court notes that George and Jean Simpson, both proceeding pro se, move on behalf of themselves and on behalf of Charlotte Simpson, who has not appeared in this action. Although the movants may seek relief on behalf of themselves, they may not seek relief on behalf of Defendant Charlotte Simpson. See Iannaccone v. Law, 142 F.3d 553, 559 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); Pikulin v. United States, No. 95-CV-1428, 2008 U.S. Dist. LEXIS 6341, at *2 (E.D.N.Y. Jan. 29, 2008) ("The Court reminds plaintiffs that a non-attorney appearing pro se may not represent another pro se litigant."). Because George and Jean Simpson may not represent Charlotte Simpson, the Court will only address the motion to dismiss for improper service made on behalf of George Simpson. Defendants do not argue that service on Jean Simpson was improper.

Plaintiff argues that George Simpson's motion to dismiss for the allegedly improper service made on May 14, 2007 is moot because Plaintiff personally served a copy of the Summons and Complaint on George Simpson on June 5, 2007. Plaintiff has submitted a copy of a Return of Service by Michael L. Fusilli, which indicates that George Simpson was personally served on June 5, 2007 at 18 Netz Place, Flanders, New York. Defendant George Simpson's reply papers have not alleged any facts which would cause

4

the Court to believe that the June 5, 2007 service was improper.[2] Defendant's only argument with regard to this service is that Plaintiff's service process papers have been perjured. The Court finds that George Simpson was properly served on June 5, 2007, and therefore DENIES his motion to dismiss for improper service.

II. Motion For Default Judgment

On May 25, 2007, Plaintiff moved for a default judgment against Office Management and Suffolk Research. The Clerk of the Court entered the default on June 4, 2007. At the outset, the Court notes that service was properly made on the corporations on April 24, 2007, by mailing a copy of the Summons and Complaint to the Secretary of State of the State of New York, in accordance with Section 306 of the New York Business Corporation Law.

On June 7, 2007, George and Jean Simpson moved on behalf

---

[2] George and Jean Simpson also argue that the entire action is improper because Plaintiff filed an earlier action, County of Suffolk, New York v. Simpson et al., No. 05-CV-715, which alleges substantially identical claims. The earlier filed case was wrought with a number of procedural issues similar to this case. For instance, the corporate Defendants did not appear in the earlier action, there was a question regarding improper service, and a motion for a default judgment had been filed. During the course of conferences held before Magistrate Judge Michael L. Orenstein, it was decided that commencement of a new action would be the best way to proceed. The earlier case was never decided on its merits, and therefore there are no issues of res judicata or collateral estoppel. The Court therefore rejects Defendants George and Jean Simpson's arguments that Plaintiff's "trick of filing a new identical lawsuit without disposing of the ongoing open lawsuit is a sham, which makes a mockery of the Federal Rules . . . and is in violation of the doctrine of res judicata."

of Office Management and Suffolk Research to set aside the default. George and Jean Simpson, as non-attorneys proceeding pro se, may not act on behalf of a corporation.  See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) ("[A corporation may not be represented by a person who is not an attorney."); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("Thus it is well established that a layperson may not represent a corporation."); Jones v. Niagara Frontier Transp. Authority, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se.").  Accordingly, Defendants George and Jean Simpson may not appear on behalf of Office Management and Suffolk Research, and both corporations must obtain counsel to appear in this action.

George and Jean Simpson argue that they mailed a Notice of Appearance and motion to dismiss on behalf of the two corporations, but that they misunderstood the filing dates and thought that they had twenty days to respond.  They also argue that the appearance must have gotten lost in the mail.

The Court finds that a default is not yet warranted in this action because George and Jean Simpson are proceeding pro se and thus should be given leeway on their misunderstanding regarding appearances on behalf of a corporate entity.  It is conceivable that a layman could believe that his appearance also constituted an appearance on behalf of the corporation that he runs.

Accordingly, Plaintiff's motion for a default judgment against the corporate Defendants is DENIED with leave to renew at a later date. George and Jean Simpson are again reminded that <u>pro se</u> litigants may only appear on behalf of themselves and may not appear on behalf of another person, and that corporate entities must appear through a licensed attorney.

The Court notes that as of the date of this Order, Charlotte Simpson, Office Management, and Suffolk Research have not appeared in this action. Defendants Charlotte Simpson, Office Management, and Suffolk Research have until April 30, 2008 to appear in this action. If these Defendants fail to appear by April 30, 2008, Plaintiff may renew its motion for a default judgment.

<u>CONCLUSION</u>

For the reasons set forth above, George and Jean Simpson's motion to dismiss is DENIED. Plaintiff's motion for a default judgment is DENIED with leave to renew if Charlotte Simpson, Office Management, and Suffolk Research do not appear in this action by April 30, 2008.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       March <u>31</u>, 2008