UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────x

**COUNTY OF SUFFOLK, NEW YORK,**

      Plaintiff/Counterclaim-Defendant,

      v.

**GEORGE R. SIMPSON, JEAN SIMPSON, CHARLOTTE SIMPSON, OFFICE MANAGEMENT SYSTEMS CORP., and SUFFOLK RESEARCH SERVICE, INC.,**

      Defendants/Counterclaim-Plaintiffs.

─────────────────────────────────────x

Index No.: 07-CV-1644

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

JURY DEMAND

      Defendants, Management System Corp. and Suffolk Research Service, Inc., in the above entitled action, for their Answer to the complaint, allege as follows:

1. Admit that plaintiff purports to seek declaratory and injunctive relief and monetary damages against defendants; and deny remaining allegations contained in paragraph 1.

2. Admit that the Court has jurisdiction pursuant to 28 U.S.C. §1338.

3. Admit that Venue is proper pursuant to 28 U.S.C. §1400.

4. Admit that Office Management Systems Corp. is a corporation organized pursuant to the laws of the State of New York. Deny that Office Management Systems Corp. has offices at 425 County Road 39A, Southampton, N Y and 33 Flying Point Road, Southampton, NY. Its offices are now at PO Box 775, Hampton Bays, NY.

5. Admit that Suffolk Research Service, Inc., is a corporation organized pursuant to the laws of the State of New York. Deny that Suffolk Research Service, Inc., has offices at 33 Flying Point Road, Southampton, NY. Its offices are now at PO Box 775, Hampton Bays, NY.

6. Deny allegations contained in paragraph 10.

7. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis, deny them.

8. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis, deny them.

9. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis, deny them.

10. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis, deny them.

11. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and on that basis, deny them.

12. Deny allegations contained in paragraph 16.

13. Deny allegations contained in paragraph 17.

14. Deny allegations contained in paragraph 18.

15. Deny allegations contained in paragraph 19.

16. Deny allegations contained in paragraph 20. Further, to the extent that the allegations of paragraph 20 are conclusions of law, no response is required.

17. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and on that basis, deny them. Further, to the extent that the allegations of paragraph 21 are conclusions of law, no response is required.

18. The allegations of paragraph 22 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

19. The allegations of paragraph 23 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

20. The allegations of paragraph 24 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

**FIRST AFFIRMATIVE DEFENSE**

21. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

22. Plaintiff's tax maps lack sufficient creativity and originality to be accorded copyright protection under the Copyright Act. There is a lack independent origin, and of a sufficient quantum of original matter, to qualify as works of authorship. The scale and map sheet size of section maps and blocks, and the lots and tax map land parcel numbers, and the identification of major bodies of water, are facts required to be present pursuant to law. Also, the inclusion of property tax information on a map was not newly created by the plaintiff; there is no novel intellectual labor.

**THIRD AFFIRMATIVE DEFENSE**

23. The production of the tax maps is required by law and there is no additional incentive to produce the tax maps and the tax maps are in the public domain and thus are uncopyrightable.

24. Pursuant to statute, rule and regulation, Suffolk County is required to prepare official tax maps. New York Real Property Tax Law ("RPTL") § 503(2), states that "each county, except a county wholly within a city, shall prepare and maintain in current condition for each city and town therein a tax map approved by the state board."

25. RPTL § 503(2), the New York State Office of Real Property Services ("ORPS") is required to promulgate rules and regulations establishing "standards, specifications and procedures for the preparation and maintenance of tax maps and shall approve tax maps which satisfy such requirements." Plaintiff is subject to and governed by the ORPS Regulations.

26. ORPS Regulations prescribe the size and format of "base manuscripts;" the scale and map sheet size of section maps; blocks, lots and tax map land parcel numbers; identification of major bodies of water; and specific techniques to be used if tax maps are converted to digital format.

27. Plaintiff failed to copyright its tax maps for approximately twenty-eight years. During these twenty-eight years, the tax maps were within the public domain.

**FOURTH AFFIRMATIVE DEFENSE**

28. The passage of twenty-eight years precludes a copyright violation claim.

**COUNTERCLAIMS**

29. By way of counterclaims, defendants/counterclaim plaintiffs respectively allege as follows:

30. Counterclaim plaintiffs are corporations created under the laws of the State of New York, and Hampton Bays, New York, is their principal place of business.

31. Plaintiff is a municipal corporation created under the laws of New York, with offices and principal place of business located in Hauppauge, and Riverhead, New York.

32. This Court has supplemental jurisdiction over these counterclaims under 28 U.S.C. §1367(a). Additionally, the court has jurisdiction under 28 U.S.C. 1331.

33. This court is an appropriate venue for proceeding with this counterclaim under 28 U.S.C. §1391.

34. Plaintiff granted First American Real Estate Solutions a license to reproduce the tax maps. Through the grant of that license, and the plaintiff offering a tax map license to the counterclaim plaintiffs and other no-party real estate information companies of a similar small size, at an unreasonable excessive price of $60,000 for the first year, and $40,000 for the second year, plaintiff and First American Real Estate Solutions intentionally restricted, through common scheme, the use of the tax maps.

35. Plaintiff, seemingly having a monopoly power, exercised such, producing an adverse, anti-competitive affect, in relation to the product and East End Long Island geographic market. The conduct of plaintiff (and First American Real Estate Solutions) also produced an adverse, anti-competitive affect on the rest of Long Island.

36. Counterclaim plaintiffs, and other similar small sized real estate information companies, as a consequence, were unable to secure a license and to offer the tax maps in the open market. Counterclaim plaintiffs and other similar small sized real estate information companies were unfairly restrained and could not compete.

**FIRST COUNTERCLAIM**

37. Counterclaim plaintiffs repeat, re-allege and incorporate by reference the responses contained in paragraphs 1 through 36 as though fully set forth herein.

38. The plaintiff violated the section 1 of the Sherman Act, 15 U.S.C. §1.

39. The plaintiff and First American Real Estate Solutions contracted, combined or conspired among each other with a conscious commitment to a common scheme.

40. The combination or conspiracy produced adverse, anti-competitive affects with within the relevant product and geographic markets.

41. The objects of and the conduct pursuant to that contract or conspiracy was illegal.

42. The counterclaim plaintiffs were injured as a proximate result of that conspiracy.

**SECOND COUNTERCLAIM**

43. Counterclaim plaintiffs repeat, re-allege and incorporate by reference the responses contained in paragraphs 1 through 36 as though fully set forth herein.

44. The plaintiff violated section 2 of the Sherman Act, 15 U.S.C. §2.

45. The plaintiff possessed monopoly power in the relevant market and had a conscious commitment to a common scheme designed to achieve an unlawful objective.

46. The plaintiff's acquisition or maintenance of that power was and is willful.

**THIRD COUNTERCLAIM**

47. Counterclaim plaintiffs repeat, re-allege and incorporate by reference the responses contained in paragraphs 1 through 36 as though fully set forth herein.

48. The plaintiff violated Donnelly Act, General Business Law §340.

49. The plaintiff, through its alleged valid U.S. Copyright of tax maps, has disallowed the counterclaim plaintiffs, and other such similar small companies to enter into licensing agreements with plaintiff for the reproduction and sale of the tax maps at a reasonable cost.

50. The plaintiff, through contract, agreement, arrangement or a combination thereof, created a monopoly in the conduct, business, trade or commerce, or in the furnishing of a service in this state, or the circumstances in which a monopoly could be established or maintained.

51. As well, the plaintiff's conduct unfairly restrained the competition or the free exercise of activity in the conduct of business, trade or commerce or the furnishing of a service in this state.

**WHEREFORE**, Defendants respectfully request that the Court enter judgement as follows:

(a) That the complaint be dismissed with prejudice and costs;

(b) That defendants/counterclaim plaintiffs recover from plaintiff their reasonable attorney fees and costs;

(c) That a declaratory judgment issue invalidating the copyrights;

(d) That the court award treble actual damages for violation of the Donnelly Act, General Business Law §340;

(e) That the court award treble actual damages for violation of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2;

(f) That the Court enter permanent relief as is necessary and appropriate to restore competitive conditions in the markets affected by the unlawful conduct of plaintiff;

(g) Trial by jury and such other and further relief as to the Court seems just and proper.

**DATED:** Bridgehampton, New York  
April 30, 2008

LAW OFFICE OF RICHARD  
TODD HUNTER, ESQUIRE

/S/ Richard Todd Hunter  
Richard Todd Hunter RH9052  
P.O. Box 337  
Sagaponack, New York 11962  
(631) 258-0650

Counsel for Management System Corp.  
and Suffolk Research Service, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

        Christine Malafi
        Suffolk County Attorney
        H. Lee Dennison Building
        100 Veterans Memorial Highway
        P.O. Box NY 11788

        Attn: Leonard G. Kapsalis, Esq.
        Suffolk County Department of Law

        LAW OFFICE OF RICHARD
        TODD HUNTER, ESQUIRE

        /S/ Richard Todd Hunter
        Richard Todd Hunter RH9052
        P.O. Box 337
        Sagaponack, New York 11962
        (631) 258-0650

        Counsel for Management System Corp.
        and Suffolk Research Service, Inc.