UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
COUNTY OF SUFFOLK,

                              Plaintiff,

      -against-                                  Index No.:   CV-07-1644

GEORGE R. SIMPSON, JEAN SIMPSON,
CHARLOTTE SIMPSON, OFFICE
MANAGEMENT SYSTEMS CORP. and
SUFFOLK RESEARCH SERVICE, INC.,

                              Defendants.
-------------------------------------------------------------x

================================================================

## MEMORANDUM OF LAW IN OPPOSITION

================================================================

CHRISTINE MALAFI
Suffolk County Attorney
Attorney for County of Suffolk
By:  Leonard G. Kapsalis
Assistant County Attorney
H. Lee Dennison Building
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, New York 11787-4311
(516) 853-4851

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................1

POINT I

    THE PUTATIVE ADDITIONAL PARTY IS NOT A PERSON
    REQUIRED TO BE JOINED

..........................................................................................................................4

POINT II

    THE PUTATIVE ADDITIONAL PARTY IS NOT A PERSON
    WHO SHOULD BE JOINED

..........................................................................................................................5

CONCLUSION.............................................................................................................7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the motion by the defendants, George R. Simpson and Jean Simpson, to join Penny Wells LaValle, personally and in her capacity as a public officer, as an additional party plaintiff in this action. As the Court is aware, this is an action for injunctive relief and for money damages arising from the defendants' misappropriation of the plaintiff's proprietary real property ownership information. This motion is but another distraction ploy introduced into this litigation by the pro se defendants, in an attempt to divert the Court's attention from the central issue, which is the defendants' liability for infringement of the County's copyright. As discussed below, there is no good faith basis for the relief sought by the movants, nor is there legal or factual support for the same. The only useful fact presented by the moving defendants is their admission that they did, in fact, sell tax maps without a license from the County to do so. This admission will undoubtedly be helpful to the Court when this case reaches the dispositive motion stage.

The Court, however, should not look favorably upon the misrepresentations proffered by the movants as truth, but belied by the content of their own submissions. Mr. Simpson's self-serving letter, attached as an exhibit to the motion, establishes nothing but his displeasure with the state of negotiations at the time it was written. It establishes only that Penny Wells LaValle was acting solely in her capacity as Director of the Suffolk County Real Property Tax Service Agency and acknowledges that she was and is authorized to negotiate license agreements on behalf of the County. Nothing in the letter or elsewhere in the motion papers is there anything to suggest that she is acting, in any manner, in an individual capacity or outside the scope of her authority. The letter

acknowledges that the same offer made to him (the accuracy of which is not addressed here) was extended to one of his competitors. Far from establishing, or even suggesting, the existence of a conspiracy, the letter shows nothing more than business persons haggling over prices.

The moving papers state, as fact, that the County's alleged conduct "ultimately forced the Defendant Corporations out of business." The papers go on to state that the County's alleged conduct "all but caused Defendants' companies (Suffolk Research Service, Inc. and Office Management Systems Corp.) to go out of business." To the extent the pro se Defendants purport to speak for the Defendant corporations, their voices may not be heard. The Defendant corporations are represented by counsel and, displaying better judgment, have not joined in this meritless application.

The movants' gratuitous and baseless charge that the County had maliciously named their children as defendants is contradicted by Mr. Simpson's own letter, which acknowledges that the defendants had dispatched Stephanie Fagan, one of the movants' daughters, to negotiate with the County on their behalf. The Court need only refer to the website pages of Office Management Systems, annexed to the Complaint as Exhibit "B" to find Charlotte Simpson, also a daughter of the movants, listed as a contact, with a telephone number, beeper number and an e-mail address. The movants' characterization of the inclusion of their daughters as parties as malicious is utterly false, as conclusively shown by the Defendants' own documentary evidence. Their averment that Penny Wells LaValle knew that the movants' children were not liable for any of the County's claims is, likewise, baseless. It is respectfully submitted that the County had every reason to believe that they were proper parties, by virtue of the Defendants' publicly holding them

2

out as authorized officers, agents or employees of the companies, actively participating in the conduct of the businesses.  This application, however, has no purpose other than to attempt to harass and intimidate Penny Wells LaValle.  It goes without saying that this is an impermissible objective, which should receive no support.  Accordingly, the motion should be denied in its entirety.

## **POINT I**

## **THE PUTATIVE ADDITIONAL PARTY IS NOT A PERSON REQUIRED TO BE JOINED**

Required joinder of parties in civil actions is governed by FRCP Rule 19, which defines the circumstances under which a person not a party to an action must be joined, if feasible. The movants have not shown any facts or circumstances which would trigger the operation of Rule 19 and require the addition of Penny Wells LaValle as a party to this action. This action was brought to redress infringement of the County's copyright by the defendants. The dispute is between the County and the defendants. The County, by definition, can only act through its officials and employees. That does not, however, subject each and every County official or employee to personal participation, much less, personal liability, in connection with their conduct of County business. In this case, particularly, Ms. LaValle's presence as a party adds nothing and her absence as a party is of no consequence. A review of the pleadings reveals that the Court can accord complete relief among the existing parties, making Rule19 (a) (1) (A) inapplicable here. Especially puzzling is the movants' request that she be joined as a party plaintiff. She claims no interest, in her individual capacity, in the subject matter of this action. She has no ownership interest in the copyright underlying this action. She does not seek any relief on her own behalf. Accordingly, Rule 19 (a) (1) (B) does not apply here. The moving defendants have not shown that the proposed additional party is subject to mandatory joinder and the instant motion should, therefore, be denied.

## POINT II

## THE PUTATIVE ADDITIONAL PARTY IS NOT A PERSON WHO SHOULD BE JOINED

Permissive joinder of parties is governed by FRCP Rule 20, which sets forth the criteria for permissible inclusion and alignment of parties. Since, as described above, Ms. LaValle has no personal interest in the subject matter of this litigation, she does not assert any rights to relief or any claims. She is, therefore, not a proper party plaintiff pursuant to Rule 20 (a) (1) (A) or a proper party defendant pursuant to Rule 20 (a) (2). Her presence as a party in this case, either as a plaintiff or as a defendant, would not present common questions of law or fact with respect to any existing party. On the contrary, the questions of law and fact that would be raised would be completely different from the questions presented with respect to the existing parties. By all indications in the pleadings and papers filed to date, Ms. LaValle has acted only in her official capacity and in furtherance of the County's interests in protecting its copyrighted material. Any claim that she acted beyond the scope of her authority in connection with her assertion, on the County's behalf, of the County's intellectual property rights, could only be raised by the County within the context of this action. The County, obviously, has not raised any such claim. It may not be raised by the moving defendants.

It appears that the moving defendants may be seeking to assert claims against Ms. LaValle that are independent of and unrelated to the subject matter of this action. While some difficulty in discerning the exact nature of the claims is presented by the absence of a proposed pleading, it does appear from the words used that the claims sound in state tort. Accordingly, those claims should be brought by way of a separate action, if the

moving defendants are so inclined, with all attendant conditions precedent satisfied and the County presented with pleadings that may be addressed appropriately. They should not be interjected into this action, as they are unrelated to the issue of the defendants' infringement of the County's copyright and would serve only to cause needless confusion. This litigation is between the County and the named defendants and should remain so. The instant motion should, therefore, be denied.

## **CONCLUSION**

In view of the foregoing, it is respectfully submitted that the moving defendants have failed to show any cause to join Penny Wells LaValle, individually, as a party to this action. Accordingly, the within motion should be denied in its entirety, together with such other and further relief as to this Court may seem just and proper.

Dated: Hauppauge, New York
July 3, 2008

                                        Respectfully submitted,

                                        CHRISTINE MALAFI
                                        Suffolk County Attorney

By:    ***Leonard G. Kapsalis***
           Leonard G. Kapsalis (LGK 5852)
           H. Lee Dennison Building
           100 Veterans Memorial Highway
           P.O. Box 6100
           Hauppauge, New York 11788-0099
           Phone: (631) 853-4851