UNITED STATES DISTRICT COURT
DIVISION OF EASTERN NEW YORK

JUL 17 2008

LONG ISLAND OFFICE

County of Suffolk

          Plaintiff,
          v.

GEORGE R. SIMPSON, JEAN SIMPSON,
CHARLOTTE SIMPSON, OFFICE
MANAGEMENT SYSTEMS CORP., SUFFOLK
RESEARCH SERVICE, INC.

          Defendant

CV-07-1644
Seybert, J.
Orenstein, M.

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO JOIN

COME NOW, the Defendants, George R. Simpson and Jean S. Simpson, Pro Se, and file this reply motion to Plaintiff's memorandum of law in opposition to Defendants' motion to have the Court enter its order joining to this lawsuit, as additional party Plaintiff, the person Public Officer Penny Wells LaValle, personally, and in her Public capacity.

Plaintiff's attorney organizes his opposition under two "POINTS". <u>POINT I, The Putative Additional Party is not a Person Required to be Joined</u>; and <u>POINT II, The Putative Additional Party is not a Person who Should be Joined</u>.

Plaintiff's Preliminary Statement and each of those two points are replied to below:

<u>Reply to: Plaintiff's Preliminary Statement</u>

Attorney Kapsalis failed to even comment on Defendants' substantative information as to why Ms LaValle should be joined.

Quoting from Defendants' motion:

"Plaintiff's extortionist demands are explained in Exhibit "A", attached hereto in form of a letter dated March 1, 2005 to

Penny Wells LaValle from George R. Simson, President and Chairman of the Board of Office Management Systems Corp.

The letter points out that the demands of Plaintiff are tantamount to a Conspiracy of Plaintiff with Defendant's monopolistic competitor, First America Real Estate Solutions, to force Defendant Corporations out of business.

Penny Wells LaValle used, and continues to use, enormous financial resources to force Defendants George and Jean Simpson and corporate Defendants Suffolk Research Service, Inc. and Office Management Systems Corp. out of business.

As a result of Penny Wells LaValle extortionist demands, Defendants George and Jean Simpson, and Corporate Defendants, Suffolk Research Service, Inc. and Office Management Systems Corp. were unable to copy or obtain copies of current tax maps, and could no longer offer tax maps as a part of their software products and services.

Without having these tax maps to offer to its prospects and customers, Corporate Defendants, Suffolk Research Service, Inc. and Office Management Systems Corp. were no longer able to compete, and their business slowed to only a trickle of their previous size.

Ms Penny Wells LaValle's extortion demands were absurd. She insisted that the two corporate defendants, Suffolk Research Service Inc. and Office Management Systems Corp. in the instant lawsuit pay the equivalent of twice as much in license fees as were paid by the Giant Competitor, First American.

Ms LaValle wanted to charge the corporate Defendants in the instant lawsuit the same price (license fee) as she charged First American, when First American used the data from all 10 towns in Suffolk County, and Suffolk Research Service, Inc./Office Management Systems Corp used only tax maps from the five eastern towns.

The five eastern towns constitute less than 50% (fifty percent) of the tax map data from the entire county.

Furthermore, First American has sales which are estimated to be over 100 times the sales of corporate Defendants Suffolk Research Service, Inc. and Office Management Systems Corp.

Ms LaValle's, strong hand "do it my way, *or else*, I'm the boss" attitude constitutes gross abuse of her authority, and caused Defendants in the instant lawsuit to encounter enormous damages.

Public Officer, Penny Wells LaValle, subjected Defendants George R. Simpson and Jean S. Simpson to deliberate and malicious extortive demands, which were so enormous they all but caused Defendants' companies (Suffolk Research Service, Inc. and Office Management Systems Corp.) to go out of business."

2

The enormity of Ms LaValle's extortive demands on Defendants cannot be over emphasized.

The County demanded that Defendants in the instant lawsuit pay the same amount of license fees paid by First American, $40,000, even though Defendants in this lawsuit used less than half the maps (only the maps from the five Eastern Towns).

Furthermore, First American used the maps in a business (competitive to the Defendant's business) which was 100 times a large as the business of Defendants.

License fees are almost always tied to the sales of product (service), which contain the material being licensed.

Using that benchmark, Ms LaValle, had she wanted to charge a "fair" license price, should have charged Defendants $200 per year instead of the $40,000 per year that she insisted Defendants "MUST PAY MY PRICE OR BE SUED!".

Attorney Kapsalis makes many unfavorable statements about Defendants' motives. He says:

"...there is not good faith basis for the relief sought by the movants, nor is there any legal or factual support for the same."

Yet attorney Kapsalis does not even try to defend the lack of fairness of Ms LaValle's "PAY MY PRICE OR BE SUED" offer of what Defendants claim is 200 times a fair price -- *$40,000 vs $200*.

Defendants suggest to this Court that it is attorney Kapsalis who is fabricating legal argument without any legal basis or factual support, providing only mischaracterization and meaningless legal mumble jumble.

Not withstanding what attorney Kapsalis says, it would be hard to find any reasonable person who would suggest that Ms LaValle was not acting "outside the scope of her authority".

The extortive demands of Ms LaValle are absurd, and Ms LaValle should not be allowed to hide behind her comfortable government job.

Ms LaValle should be tried by this Court for her destructive actions.

Attorney Kapsalis defends Ms LaValle's desire to serve both of Defendants' daughters, but he fails to explain why neither daughter is under the authority of the Court.

Charges have been dropped against Stephanie Fagan, and the Plaintiff has been unable to serve Charlotte Simpson, due to the incompetent and dishonest efforts (at least four counts of perjury) of employees of the County who tried to serve Charlotte Simpson.

Reply to: POINT I, The Putative Additional Party is not a Person Required to be Joined

Rule 19, (a)(1) (A) and (B) of the F.R.Civ.P. state:

**(a) Persons Required to Be Joined if Feasible.**

(1) Required Party.
A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

By the flagrantly extortive and dishonest "DO IT MY WAY OR ELSE" behavior of Ms LaValle, she has proven that it is she, as well as the County, who must be joined, in order not to subject the County to ridicule and judgement, which should rightly be directed toward her. To say that she doesn't have a "interest" in the outcome of the case is to ignore her enormous ego, which she uses to squelch innocent people and companies, and ruin them financially.

Therefore, Ms LaValle should be subjected to mandatory joinder, and the instant motion should be granted.

Reply to: POINT II, The Putative Additional Party is not a Person who Should be Joined

F.R.Civ.P deals with permissive joinder of parties. The plaintiff has the option whether to join a party if the tests of Rule 20 are met. Rule 20(a) applies to joinder of both plaintiffs and defendants. It creates two tests for joinder. 1) There must be some question of law or fact common to all parties which will arise in the action. 2) There must be some right to relief asserted on behalf of each of the plaintiffs and against each of the defendants, relating to or arising out of a single transaction or occurrence or series of transactions or occurrences. These tests are cumulative and both of them must be satisfied

4

to permit joinder. (Wright, §71) The purpose of Rule 20 is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

Both of the two tests for Rule 20 are met in this case, and furthermore, the purpose of the Rule 20, that of trial convenience is satisfied, preventing another lawsuit by Defendants against Ms LaValle, which would most ceratinly be initiatied should the Court not allow the joining of Ms LaValle.

F.R.Civ.P 14 provides that a defendant can bring in as a third party defendant one claimed by the defendant to be liable to him for all or part of the plaintiff's claim against the defendant. The rule is not mandatory; defendant may refrain from impleader and assert his claim instead in an independent action if he prefers. (Wright, §76) In order to satisfy F.R.Civ.P 14(a), any liability of a third-party defendant must necessarily be secondary or derivative to the liability of the original defendant.

Ms LaValle could be joined as a defendant since her deliberate actions are responsible for the legal expense and any judgement against Defendants.

**WHEREFORE**, Defendants George R. Simpson and Jean S. Simpson respectfully request that the Court enter its order joining Penny Wells LaValle as party Plaintiff or alternately as party Defendant in this proceeding.

DATED: July 18, 2008

GEORGE R. SIMPSON, PRO SE
JEAN S. SIMPSON, PRO SE

By: _____
George R. Simpson

By: _____
Jean S. Simpson

PO Box 775
Hampton Bays, NY  11946
Phone:  631-357-9502

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading was served by mailing the same, postage prepaid, by hand delivery or by facsimile on the 18th day of July, 2008.

To:   Christine Malafi
      Suffolk County Attorney
      H. Lee Dennison Building
      100 Veterans Memorial Highway
      P.O. Box 6100
      Hauppauge, NY  11788

      Attn: Leonard G. Kapsalis, Esq.
      Suffolk County Department of Law

      Richard Todd Hunter, Esquire
      PO Box 337
      Sagaponack, NY 11962

Via:  Mail [XX]  Fax [ ]  Hand [ ]

Address of the Court Clerk:
Mr. Robert C. Heinemann, Clerk of the Court
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722